***********
The undersigned have reviewed the proper Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. The Defendant Broughton Hospital is an agency of the State of North Carolina and is a qualified self-insurer; the Defendant Key Risk Management Services is the Workers' Compensation administrator for Broughton Hospital.
4. Plaintiff's average weekly wage was $979.20, and Plaintiff's compensation rate would be the maximum weekly rate as provided by law.
5. The following exhibits were received at hearing, the same being records filed with the Industrial Commission:
1. Form 19
2. Form 61
3. Form 33
4. Form 33R.
 6. The issues to be determined by the Full Commission are as follows:
 a) Whether plaintiff sustained an injury by accident or developed an occupational disease while in the course and scope of employment with defendant-employer?
 b) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers' Compensation Act?
 ***********
Based on the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. Plaintiff was employed as an occupational therapist at defendant-employer Broughton Hospital from December, 1996 until January, 1999. Plaintiff worked in the occupational therapy department for approximately the first year of his employment and subsequently in the admissions department of the hospital. Plaintiff appears to have been a competent and capable occupational therapist during most of his employment at defendant-employer.
2. Plaintiff was an enlisted man in the United States Navy from approximately 1971 to 1976. Plaintiff attended Ohio State University and received a Bachelors degree, then served as an officer in the United States Army for several years, and eventually received a Masters degree in occupational therapy.
3. In his applications for disability benefits from the Veterans Administration, plaintiff described that he had become stressed by certain incidents that directly affected him while he was in military service.
4. Nonetheless, after final discharge from the military, plaintiff obtained employment with a private psychiatric hospital in Georgia and then with defendant-employer beginning in 1996.
5. The patients with whom plaintiff came into contact in the admissions department at defendant-employer often displayed behavioral problems or were otherwise, at times, difficult or even dangerous.
6. Plaintiff, during his employment in the defendant-employer's admissions department, expressed particular concern about the safety of both staff and patients arising from the dangerousness or unpredictability of certain patients and about the adequacy of the procedures or methods for assuring safety.
7. At some point in 1998, a patient with whom plaintiff dealt slashed his wrist in a suicide attempt.
8. Shortly before November 16, 1998, plaintiff contacted a local psychiatrist, Dr. Robert Sena, for an appointment because of his depression and his perceived forgetfulness.
9. On November 16, 1998, before any appointment with Dr. Sena, plaintiff was involved in a particularly stressful and traumatic incident at work when a patient committed suicide by hanging himself.
10. Plaintiff was one of the very first staff persons on the scene when the patient was discovered hanged and attempted to perform CPR and other emergency treatment on the patient.
11. As a direct result of the patient's suicide on November 16, 1998, plaintiff claims to have experienced great anxiety, stress, and serious depression.
12. Larry Whitlock, a psychologist at defendant-employer in 1998, testified that he had worked with plaintiff and saw him regularly. Mr. Whitlock observed that plaintiff seemed to be very competent and professional in his job performance prior to November 1998.
13. Mr. Whitlock testified that he noticed changes in plaintiff's behavior at work after the November 16, 1998 patient suicide incident, specifically plaintiff became more tense and less spontaneous or confident.
14. Plaintiff's first appointment with Dr. Sena was on November 20, 1998, and he then remained under Dr. Sena's care for several months.
15. Shortly after November 16, 1998, plaintiff began a leave period from work due to his health, particularly due to the depression and anxiety which he was then suffering. Dr. Sena placed plaintiff on sick leave from his job with defendant-employer, due to his depression, for at least two weeks beginning November 25, 1998.
16. Plaintiff worked only a few days at defendant-employer after November 20, 1998. On January 3, 1999, plaintiff submitted his resignation as an employee at defendant-employer.
17. Plaintiff has not engaged in any regular employment since January 15, 1999, his last date of employment at defendant-employer.
18. Eventually, in August 2000, plaintiff enrolled as a full-time student at Western Piedmont Community College in Morganton, studying professional pottery making and remained a full-time student through the date of the deputy commissioner hearing.
19. Plaintiff has taken up the craft of pottery and has exhibited his pottery creations, but at the time of the deputy commissioner hearing had sold only a few pieces for a relatively nominal sum.
20. In November 1999, the Veterans Administration issued a decision finding plaintiff 60% disabled due to service connected disabilities. Of his total service connected disability, ten percent (10%) was for a service-connected knee injury which is not at issue in this claim, and fifty percent (50%) was for anxiety and dysthymia with post-traumatic stress disorder. Plaintiff is currently receiving Veterans Administration disability benefits.
21. Plaintiff has been under medical care for depression, anxiety, and related mental or emotional problems since November 20, 1998 when he first saw Dr. Sena. Plaintiff was treated by Dr. Robert Sena from November 20, 1998 through March 30, 1999 when Dr. Sena left private practice. Subsequently, plaintiff has received treatment from Dr. Rigardy Munoz, a psychiatrist, and has been seen by psychologists Alan Galloway and Donna Thackwray.
22. Plaintiff testified that he did not believe he is currently able to be employed as a therapist or counselor — the fields in which he is professionally trained — because of his depression, anxiety and related problems.
23 Dr. Sena stated that plaintiff was unable to return to work at the time of his last treatment in 1999.
24. Plaintiff did not offer any expert medical evidence that indicates that the conditions of which he complains are related or caused by his employment with defendant-employer. Plaintiff also failed to offer any expert medical evidence that his employment with defendant-employer placed him at an increased risk of contracting these conditions.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident as a result of his employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that any condition from which plaintiff suffers is characteristic of and peculiar to his employment with defendant-employer and that plaintiff was placed at an increased risk of contracting and did contract or develop an occupational disease as a result of his employment with defendant-employer. N.C.G.S. § 97-53(13), Woody v. ThomasvilleUpholstery Inc., 355 N.C. 483, 562 S.E.2d 422 (2002), Pitillo v. N.C.Dept. of Environmental Health and Natural Resources, 566 S.E.2d 807, ____ N.C. App. ___, (2002).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER